WILLIAM HAZARD *vs.* H. J. G. MAXON AND ARABELLA MAXON, *et al.*

One seeking to recover a larger rate of interest than the legal rate, must make certain that the language of his contract in that respect is clear and unmistakable.

The court being unable to conclude with certainty, what was intended by the clause in the note set forth in the opinion respecting interest, and the same being repugnant to the rest of the instrument, is rejected in construing the note.

Appeal from the Second Judicial District holding terms at Vancouver.

*William Strong* for appellant.

*Allen Bros.* and *L. B. Nash* for appellees.

Opinion by GREENE, Associate Justice.

The appellant, as plaintiff below, sought to foreclose a mortgage given to secure payment of a promissory note, of which the following is a copy:

"$700.00.　　　　　　BOISE CITY, I. T., February 4, 1876.

"One year after date, for value received, we jointly and severally promise to pay to the order of William C. Hazard, seven hundred (700) dollars, U. S. currency, with interest thereon, payable triennially at the rate of two (2) per cent. per month from date until paid; and if said interest is not so paid triennially it is to be compounded with the principal and bear like interest therewith. Provided the interest on this note is promptly paid triennially, as hereinbefore provided, it shall be allowed to run, after the first year for any length of time not exceeding ten (10) years, to suit the convenience of the makers. But in case default be made in the payment of any installment of interest, when due, then this entire note, both principal and interest shall be deemed to be due and payable. And should suit be brought to collect this note or any part of the same when due, we agree to pay an additional sum of ten (10) per cent. upon the entire sum of this note, as an attorney's fee in such suit. This note is payable to Wm. C. Hazard, or order, at Vancouver, W. T., and the installments of interest are payable at the same place.　　　　　"HAMILTON J. G. MAXON.
"ARABELLA MAXON."

All the defendants were duly served. The makers of the note failed to appear, and were defaulted. The other defendants answered. The cause was referred to take testimony and report. The referee found that the note was not due at the commencement of suit and reported accordingly. The plaintiff

moved to set aside the report. This the court below refused to do, but affirmed the findings of the referee, and gave judgment against the plaintiff for costs.

The sole question made here is, as to the sense of the note.

Plaintiff claims it falls due one year after date, and bears interest at two per cent. per month, payable and compounded thrice a year.

Defendants claim that it cannot fall due until three years from date, and that interest upon it can only be collected or compounded once in three years.

Upon careful consideration we are inclined to differ from both these views and to construe the instrument perhaps more unfavorably for the plaintiff than did the court below.

Plaintiff must stand upon his pleading. The default of the defendants admits only what is there. His complaint gives us no light as to the actual intent of the parties, further than is afforded by the bare words of their contract. He does not plead that they used any word through mistake or inadvertence, and offer issue on that, but he simply exposes the naked note for judgment.

The note, therefore, so far as he is concerned, is to be considered as well worded to convey the sense intended, and every word in it is to be taken to have been used without any mistake as to its meaning. It does not, however, follow that the meaning of the note is obvious. The plaintiff is seeking to collect a rate of interest more than double that which the statute fixes as fair and reasonable.

No doubt such a rate can be agreed upon and recovered, but when a person would do this, he must see to it that the language of his contract in that behalf is clear and unmistakable. (*Brewster vs. Wakefield*, 22 How., 128.) In this case we are unable to say with certainty, what was intended by the clause relating to interest. They seem to us repugnant to the rest of the instrument. We, therefore, reject from it all words occurring between the word "thereon" and the words "and should suit," etc. This leaves a clear and sensible note already matured, upon which plaintiff is entitled to recover. Judg-

ment should be given upon this for the principal sum, together with legal interest to date, and a foreclosure of the mortgaged premises.

Let this cause be remanded to the District Court with direction to enter a *decree accordingly.*